## HUMPHREY v KOOGLER

Ohio Appeals, 2nd Dist, Montgomery Co
No 1033. Decided Mar 24, 1931

H. P. Williamson, Dayton, for Humphrey.

W. S. Rhotehamel and Robert N. Brumbaugh, both of Dayton, for Koogler.

action, so far as the sale and purchase of the stock is concerned, becomes an executed contract and the mere want of power to purchase said stock will not be a good defense, in an action against the corporation to collect such note."

This authority is conclusive of the prima facie validity of the note and supports the judgment taken in the court below and the overruling of the motions to set the judgment aside.

(HORNBECK and KUNKLE, JJ, concur).

## STEVENSON v HESS

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10971. Decided Jan 19, 1931

KUNKLE, PJ, and HORNBECK, J, (2nd Dist) and FARR, J, (7th Dist) sitting.

Garrett Stevens, Cleveland, for Stevenson. Silverman, Mitchell & Mills, Cleveland, for Hess.

### ALLREAD, J.

We think that counsel for plaintiffs in error have not proven a defense to the note. They would be required to show something more than the exchange of stock for the note; they should show as well, some equitable consideration against the note in favor of the company. The rule is that the sale of stock to this company is prima facie valid and the burden is upon the company or their successors in title to prove the circumstances giving rise to the invalidity of the transaction. This view is expressed in the syllabus in the case of Seiders v The Gem City Concrete Company, 13 C. C. (N. S.) 481. The syllabus is as follows:

"Where a corporation purchases its own stock and gives a note therefor, such trans-